**In re MIRANT CORPORATION, et al., Debtors.**

No. 03–46590.

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

July 16, 2003.

Weil, Gotshal & Manges, LLP by Stephen A. Youngman, Dallas, TX, for General Electric Capital Corporation.

Andrews & Kurth, LLP by Jason S. Brookner, Dallas, TX, for Ad Hoc Committeee of Holders of Approximately $800 Million in Mirant Corporation Bonds.

Weil, Gotshal & Manges, LLP, Dallas, TX, and Weil, Gotshal & Manges, LLP, New York City, by Michelle V. Larson and Paul M. Basta, for Lehman Brothers.

Office Of The United States Trustee by George McElreath, Dallas, TX, for The U.S. Trustee.

Stutzman & Bromberg, by Sander L. Esserman and Jo E. Hartwick, Dallas, TX, for Potomac Electric Power Company.

Akin, Gump, Strauss, Hauer & Feld, LLP by Charles R. Gibbs, Dallas, TX, for Angela Gordon Co. and A G Super Fund.

Cox and Smith Incorporated, by Deborah Williamson, San Antonio, TX, and Cadwalader, Wickersham & Taft, LLP, by Gregory M. Petrick and Angela Somers, New York City, for AIG Global Investment Corp., California Public Employees'

Retirement System, DKR Saturn Management, LP, Makay Shields, LLC, Perry Capital, Elliot Associates, LP, PPM America, INC., Aegon USA Investment Management, LLC.

Carrington, Coleman, Sloman & Blumenthal, LLP, by Stephen A. Goodwin, Dallas, TX, for the Royal Bank of Scotland.

Jones Day by Debra K. Simpson, Dallas, TX, for Kern Oil & Refining Company.

White and Case, LLP by Thomas E. Lauria and J. Christopher Shore, Miami, FL, and New York City, White and Case, LLP by Craig H. Averch, Los Angeles, CA, Haynes and Boone, LLP, by Robin Phelan and Ian Peck, Dallas, TX, and Fort Worth, TX, for the Debtors and Debtors in Possession.

## MEMORANDUM ORDER

DENNIS MICHAEL LYNN,
Bankruptcy Judge.

On July 14, 2003, Mirant Corporation ("Mirant") and its affiliated debtors (together with Mirant, the "Debtors") filed for relief under chapter 11 of title 11 of the United States Code.[1] Debtors remain in possession of their property and operate their businesses as debtors in possession. Debtors' businesses involve, *inter alia,* the generation and sale of electric power. Debtors are among the most important providers of power in the United States, and a disruption of the services provided by them could have a meaningful, adverse effect on segments of the national economy.

■ In connection with their filings, Debtors requested on an expedited basis certain relief necessary to the continued conduct of their businesses during the ear-

---

1. 11 U.S.C. §§ 101 et seq. (the "Code").

ly stages of these chapter 11 cases. Included among the requests for relief was a motion (the "Motion") seeking authorization from this court to pay prepetition claims of certain classes of "critical" vendors. As previously expressed in its opinion in *In re CoServ*,[2] this court has reservations about granting such relief when to do so could result in certain favored unsecured creditors receiving treatment preferential to that received by other unsecured creditors under a plan.[3] Such preferential treatment should be considered on a claim-by-claim basis and accorded a creditor only when it is shown by a preponderance of the evidence that: (1) it is critical that the debtor continue to deal with the creditor in question; (2) the debtor's failure to deal with the creditor creates a risk of harm or loss of economic advantage to the debtor's estate that is disproportionate to the creditor's prepetition claim; and (3) there is no practical or legal alternative by which the debtor can cause the creditor to deal with it other than by payment of the prepetition claim.

The court could require proof of these elements in every case before a debtor paid any prepetition claim outside of a confirmed plan of reorganization. On the other hand, this court is acutely aware of the precarious position of a company operating in chapter 11 (especially early in the case). In the case at bar the consequences of the failure of a given vendor to provide goods or services could be disastrous. Because payment of prepetition claims outside of a plan has become commonplace in some jurisdictions, the court recognizes that a vendor might condition future dealings with Debtors on payment of its prepetition claim, whether or not payment of

that claim could be justified under *In re CoServ*. Besides the concern that a requirement of advance court approval in every instance as a prerequisite to payment of a prepetition claim could lead to an interruption of Debtors' generation of power, the court does not wish Debtors' businesses seriously damaged by the delay required to satisfy the court that a particular creditor should be paid its prepetition claim outside of a confirmed plan.

■ In light of the foregoing, the court has considered the Motion, and has determined that Debtors should be granted relief as follows:

1. To the extent an entity claims a lien against property of any of Debtors' estates to secure debt incurred by a Debtor prepetition (which lien, upon advice of counsel, Debtors reasonably believe to be valid) and to the extent payment of such prepetition debt is, in the exercise of Debtors' business judgment, in the best interests of such estate, Debtors are authorized to pay such prepetition debt. Debtors shall file with the court and provide to the United States Trustee and any committee approved under section 1102 of the Code an accounting, itemized by claims paid, of any debts so paid.

2. To the extent an entity asserts a prepetition claim that Debtors, upon advice of counsel, reasonably believe would be authorized to be paid pursuant to the test set forth in *In re CoServ*, Debtors may pay such claim. Debtors shall file with the court, and provide to the United

**2.** 273 B.R. 487 (Bankr.N.D.Tex.2002).

**3.** The court is particularly concerned in this case because the unusual (albeit necessary) timing of proceedings thus far have all but

precluded the United States Trustee's participation, and other parties have had even more limited opportunity to play an active part in the case.

States Trustee and any committee appointed under section 1102 of the Code, an accounting of each such claim paid, including the bases on which such claim satisfies the *In re CoServ* test. Upon motion of any party in interest filed within thirty (30) days of such accounting, Debtors (and the creditor paid) shall be required to show cause why payment of such claim should be deemed by the court to be properly authorized.

3. Debtors may further pay the prepetition claim of an entity that refuses to deal with Debtors on any basis (including prepayment or provision of a deposit) absent payment of such claim if Debtors reasonably believe, in the exercise of their business judgment, that such claim must be paid in order for Debtors to continue their respective businesses, *provided, however,* that:

   a. If the prepetition claim of an entity that believes it may be paid notwithstanding the provisions of section 362(a)(6) of the Code is paid despite Debtors' belief that such claim does not meet the *In re CoServ* test, such entity shall, upon its or Debtors' motion, thereafter show cause to the court why it may require payment of such claim prior to providing further goods or services to Debtors. In the event a final order is entered determining, on the authority of *In re CoServ* or such other test as an appellate court may apply, that such entity may not require payment of such prepetition claim as a condition to providing postpetition goods or services, such entity shall repay to Debtors all amounts paid on account of such prepetition claim, but, pro-

vided it continues to deal with Debtors, shall suffer no further sanction for violation of section 362(a)(6) of the Code.

   b. An entity that demands payment of prepetition debt as a condition to providing postpetition goods or services to Debtors and refuses to furnish such goods and services as otherwise provided in this order shall be required to show cause why it should not be sanctioned for violation of section 362(a)(6) of the Code in an amount consistent with any damages incurred by Debtors by reason of such entity's refusal. A hearing to show cause shall be held in accordance with Debtors' needs, but in no event earlier than one (1) twenty-four (24) hour business day following service on such entity, in accordance with Federal Rule of Bankruptcy Procedure 7004, of a copy of this order together with notice of the time and place of such hearing.

4. Any entity provided with a copy of this order shall be deemed on notice that a refusal to provide postpetition goods or services to any Debtor by reason of non-payment of any prepetition debt, and despite assurance, in the form of a deposit or prepayment, that such entity will suffer no loss through provision of postpetition goods or services, absent good cause, constitutes a willful violation of section 362(a)(6) of the Code.

It is so ORDERED.